**ALLIED BANKERS LIFE INSURANCE COMPANY, Appellant,**

v.

**Mary De La CERDA, as Community Administratrix of the Estate of Paul A. De La Cerda, Appellee.**

No. 8975.

Court of Civil Appeals of Texas, Amarillo.

June 29, 1979.

Rehearing Denied Aug. 1, 1979.

Harold W. McCracken, Dallas, Hall & Tollett, Littlefield, for appellant.

Kirby, Raltiff, Sansom, Manning & Greak, Nolan E. Greak, Littlefield, for appellee.

DODSON, Justice.

Defendant Allied Bankers Life Insurance Company appeals from a judgment awarding Mary De La Cerda, community administratrix of the Estate of Paul A. De La Cerda, $9,000 under a certificate of insurance together with statutory damages, prejudgment interest, attorney's fees, and post-judgment interest. We affirm, conditioned on remittiturs of appellate attorney's fees; otherwise, we affirm in part and reverse and remand in part.

On December 27, 1976, Paul A. De La Cerda secured a $9,000 group credit life insurance certificate from defendant Allied Bankers Life Insurance Company. The certificate, obtained in conjunction with a loan from Citizens National Bank of Earth, Tex-as, contained a statement that the insured had not been, nor was being, treated for certain diseases and that he was in good health. The certificate named the bank and insured's estate first and second beneficiaries, respectively.

On February 3, 1977, insured died. The cause of death was diagnosed as acute myocardial infarction superimposed upon a previous anterolateral infarction. The bank filed its claim under the certificate, which was denied by defendant. Thereafter, the bank assigned its interest to Mrs. De La Cerda.

Mrs. De La Cerda brought this action against the Insurance Company to recover the proceeds under the life insurance certificate. The Insurance Company defended on the grounds that insured breached the good health warranty and made false representations concerning his good health which rendered the certificate unenforceable. Trial was to a jury, who found that insured did not know that any statements in his application were false at the time it was made; that $3,000 would fairly and reasonably compensate Mrs. De La Cerda for attorney's fees through the trial court, $1,000 in the event of appeal to the Court of Civil Appeals sitting in Amarillo, and $750 in the event of an appeal to the Texas Supreme Court. Based on these findings, the trial court entered its judgment awarding Mrs. De La Cerda $9,000 plus $1,080 in statutory damages, $430.52 prejudgment interest, attorney's fees as found by the jury, and post-judgment interest.

### I.

Defendant maintains in its first two points of error that the trial court erred in overruling its motion for instructed verdict and motion for judgment notwithstanding the verdict because the breach of warranty defense was conclusively established as a matter of law, or alternatively, that the court erred in failing to submit the warranty defense to the jury because it was raised by the evidence. Both of these points are predicated upon a determination that the

good health statement in the certificate is a warranty rather than a representation.

The Texas Supreme Court has recognized that a warranty in an insurance contract is " 'a statement made therein by the insured, which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true.' " *Lane v. Travelers Indemnity Company*, 391 S.W.2d 399, 402 (Tex.1965), *quoting Phoenix Assur. Co. v. Munger Imp. Cotton-Mach. Mfg. Co.*, 92 Tex. 297, 49 S.W. 222, 225 (1898). In other words, the parties must have intended that the policy stand or fall on the literal truth or falsity of the statement in question. Such warranties which cause forfeiture are disfavored in the law. *Lane v. Travelers Indemnity Company, supra.* *See also* 12 J. A. Appleman, Insurance Law & Practice § 7342 (1943).

A representation is "an oral or written statement which precedes the contract of insurance and is no part thereof, unless it be otherwise stipulated, * * * and relates to the facts necessary to enable the underwriter to form his judgment whether he will accept the risk, and at what premium." *See Lane v. Travelers Indemnity Co., supra*, 391 S.W.2d at 401; *Doyle v. Great Southern Life Ins. Co.*, 126 S.W.2d 735, 737 (Tex.Civ.App.—Galveston 1939), *affirmed*, 136 Tex. 377, 151 S.W.2d 197 (1941). Thus, by definition a representation is not a part of the contract. This, however, does not preclude the inclusion of representations within the policy itself. "Such statements will be given effect only as representations and not as warranties when it is expressly stipulated that they are merely representations, or if it appears from the contract read as a whole that they were so intended." 7 G. J. Couch, Insurance 2d, § 35:9 (1961); *Lane v. Travelers Indemnity Co., supra.*

In the case at bar, the certificate of insurance signed by Mr. De La Cerda contains the following statement:

I hereby certify that I am not being treated, nor have I been treated for any disease or disorder of the heart, the liver, stroke, high blood pressure, tuberculosis, emphysema, ulcers, paralysis, urinary or kidney disorder, cancer, diabetes, and to the best of my knowledge and belief I am in good health as of the above effective date.[1]

The certificate further provides:

In consideration of the premium and. *the representation of good health* and gainful employment, as shown above, hereby insures the person/persons named above as Insured Debtors for the benefits under the Plan or Plans for which premiums are specified in the Schedule above (but none other), subject to all of the terms, conditions and provisions of this Policy (emphasis added).

This language is clear and unambiguous. The certificate expressly provides that the named person is insured "in consideration of the premium and the *representation* of good health." In light of the rule of contract construction providing that clear and unambiguous terms be given their plain and ordinary meaning, *De La Cruz v. Combined American Insurance Co.*, 527 S.W.2d 820, 821 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.), we are persuaded that the good health statement is a representation rather than a warranty. Moreover, we find no provision in the certificate which requires a construction that the parties mutually intended that the certificate of insurance not be binding unless such good health statement be literally true.

In essence, defendant would have us rewrite the good health statement in the certificate to comport with the statement contained in *Great American Reserve Insur-*

---

1. The remainder of the statement provides:

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company or other organization, institution or person, that has any records or knowledge of me or my health, to give to the Allied Bankers Life Insurance Company any such information, and waive all provisions of law forbidding disclosures of such information. A photographic copy of this authorization shall be as valid as the original.

*ance Company v. Britton,* 406 S.W.2d 901 (Tex.1966), which defendant cites in support of its position. In *Britton,* the statement in question provided:

> [T]he policy shall not take effect until it has been delivered to its owner during the lifetime and good health of the Insured.

*See also Texas Prudential Insurance Co. v. Dillard,* 158 Tex. 15, 307 S.W.2d 242, 243 (1957); *Travis Life Insurance Co. v. Rodriguez,* 326 S.W.2d 256, 257 (Tex.Civ.App.— Austin), *writ ref'd n. r. e. per curiam,* 160 Tex. 182, 328 S.W.2d 434 (1959). By its very language, the statement in *Britton* is distinguishable from the statement in the case at bar. We therefore do not consider *Britton* controlling.

█ We note that misrepresentation is also an affirmative defense. This defense was submitted to the jury, who found that insured did not know that any statements in his application were false at the time it was made. Defendant does not attack this finding.

We conclude, as a matter of law, that the statement of good health is a representation rather than a warranty. Therefore, the trial court did not err in overruling defendant's motion for instructed verdict and motion for judgment notwithstanding the jury's verdict, nor was defendant entitled to have a breach of warranty defense submitted to the jury.

### II.

Defendant maintains that the trial court erred in awarding prejudgment interest because this action was brought under Tex. Ins.Code Ann. art. 3.62 (Vernon 1963), which does not specifically authorize the recovery of prejudgment interest. We do not agree.

█ This is an action in part to recover $9,000 under a contract of insurance. Article 5069–1.03 of Tex.Rev.Civ.Stat.Ann. (Vernon 1971) provides, in part:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be

allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable . . . .

This article has been held to sustain an award of prejudgment interest in an action on an insurance contract. *Combined Insurance Co. of America v. Kennedy,* 495 S.W.2d 306, 308 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.).

Defendant relies on *Duffer v. American Home Assurance Co.,* 512 F.2d 793 (5th Cir. 1975). *Duffer* involved a suit for $100,000 due under a group traveler insurance policy. Prejudgment interest under Art. 5069–1.03, *supra,* was allowed on the $100,000 sum. The court, however, did strike prejudgment interest on the portion of the judgment awarding damages and attorney's fees under article 3.62 of Tex.Ins.Code Ann., *supra.*

In the case at bar, the six percent prejudgment interest is limited to the $9,000 due under the certificate of insurance. The judgment specifically excludes prejudgment interest on the award of damages and attorney's fees under article 3.62 of the Insurance Code. Under these circumstances, we conclude that the trial court did not err in awarding prejudgment interest totaling $430.52.

### III.

Defendant claims that the trial court erred in overruling its Motion in Limine to prohibit testimony that insured could read little, if any, English and in allowing such testimony to be introduced during the trial. Defendant also maintains that the court erred in admitting certain certificates of insurance previously issued to insured by defendant, but which had expired prior to the time the certificate of insurance in question was effectuated. Defendant objected to the admissibility of this evidence on grounds that it was irrelevant, immaterial, and highly prejudicial.

█ Defendant raised the affirmative defense of misrepresentation. Thus, it was incumbent upon defendant to show that the statement of the insured was material,

false, made with the intent to deceive, and that it was relied on by defendant. *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820, 823 (1947). The defense was submitted to the jury in substantially this form. We are persuaded that the challenged testimony is relevant and material to some, if not all, of these issues.

Assuming, *arguendo,* that the evidence was improperly admitted, we are also persuaded, after a review of the entire record, that such error was not reasonably calculated to cause nor probably did cause the rendition of an improper judgment. Therefore, such error would be harmless. Tex.R. Civ.P. 434. *See also State v. Parrish,* 159 Tex. 306, 320 S.W.2d 330, 332–33 (1958); *Walker v. Texas Employers' Insurance Ass'n,* 155 Tex. 617, 291 S.W.2d 298, 301 (1956).

We conclude that the trial court committed no reversible error in admitting the challenged testimony.

## IV.

Defendant's final points of error attack the following award of attorney's fees, as found by the jury and reduced to judgment:

. . . attorney's fees in the amount of $3,000.00, and attorney's fees in the amount of $1,000.00 in the event an appeal of this suit to the Court of Civil Appeals sitting at Amarillo, Texas, and attorney's fees in the amount of $750.00 in the event of an appeal of this lawsuit to the Supreme Court of Texas.

■ Defendant maintains that Mrs. De La Cerda is precluded from recovering attorney's fees because she had a contingent fee arrangement with her attorney. We disagree. In determining the award of attorney's fees under Tex.Ins.Code Ann. art. 3.62, *supra,* the contract arrangement is immaterial. *See First Bankers Insurance Co. v. Howell,* 446 S.W.2d 711, 714 (Tex.Civ. App.—Amarillo 1969, no writ).

■ Defendant next attacks the legal sufficiency of the evidence to support the award of attorney's fees in the amount of

$3,000, and further contends that there is no evidence that the amount is reasonable. In determining the legal sufficiency of the evidence, we must consider only the evidence which supports the jury's findings and disregard all evidence to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965).

■ The evidence shows that Mrs. De La Cerda's attorney spent more than fifty hours in preparation of the case prior to trial. The trial consumed one and one-half days. The attorney testified that he charged $50 per hour for his services and that a more experienced attorney in the area charged a much greater hourly rate. This constitutes some evidence of probative force that Mrs. De La Cerda's attorney rendered service valued at $3,000. Furthermore, it is the responsibility of the trier of facts to determine the reasonable value of an attorney's services. *Harlow v. Southern Farm Bureau Casualty Ins. Co.,* 439 S.W.2d 365, 368 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.). We overrule defendant's contentions.

■ The Insurance Company next contends that the $1,000 award for attorney's fees in the event of an appeal to this court and the $750 award for attorney's fees in the event of an appeal to the Supreme Court of Texas is excessive because the evidence supports awards of $750 and $500, respectively. We agree. An attorney from Littlefield, Texas, gave the only testimony concerning attorney's fees for an appeal to these courts. He related some of the matters incident to appeal, both as appellant and appellee, and stated that $750 would be a reasonable attorney's fee for an appeal to this court and $500 would be a reasonable attorney's fee for an appeal to the Supreme Court of Texas. We conclude that the evidence supports only an award of $750 and $500 in reasonable attorney's fees in the event of an appeal to the respective courts. Therefore, we suggest a remittitur of $250 in each instance. *See* Tex.R.Civ.P. 440.

Defendant also contends that the judgment is invalid because the matter of attor-

ney's fees is not definite and certain. In support of its position, defendant says that *International Security Life Ins. Co. v. Spray,* 468 S.W.2d 347, 350 (Tex.1971), requires the form of the judgment to provide for a remittitur of appellate court attorney's fees if there is no appeal. We do not give *Spray* this limiting construction. In *Spray,* the court said, *inter alia:*

> So long as the judgment of the court makes the figure which the clerk is to place in the writ of execution determinable by ministerial act, the judgment cannot be said to lack definiteness.

In the case before us, the judgment regarding appellate attorney's fees meets the definiteness test of *Spray.* See *Twin City Fire Ins. Co. v. Cortez,* 562 S.W.2d 940, 945 (Tex. Civ.App.—Amarillo), *rev'd on other grounds,* 576 S.W.2d 786 (Tex.1978).

In summary, defendant's points of error one through twelve and fourteen are overruled. The thirteenth point of error is sustained to the extent that attorney's fees in the amount of $1,000 for an appeal to this court is excessive by $250 and that attorney's fees in the amount of $750 in the event of appeal to the Supreme Court of Texas is excessive in the amount of $250. Any other contentions raised in the thirteenth point are overruled.

Accordingly, if Mary De La Cerda files in this court within fifteen days from the date of this opinion and judgment a remittitur of $250 from the award of attorney's fees in the amount of $1,000 in the event of appeal to this court and a remittitur of $250 from the award of attorney's fees in the amount of $750 in the event of an appeal to the Supreme Court of Texas, the judgment will be affirmed; otherwise, the portion of the judgment pertaining to appellate attorney's fees will be severed and reversed and that portion of the judgment will be remanded, and the remainder of the judgment will be affirmed.

The judgment of the trial court is affirmed, conditioned on the suggested remittiturs.

COUNTISS, J., not participating.

## ADDENDUM

On July 3, 1979, Mary De La Cerda filed remittiturs as suggested in our original opinion dated June 29, 1979. Accordingly, that portion of the trial court's judgment awarding attorney's fees "in the amount of $1,000.00 in the event of an appeal of this suit to the Court of Civil Appeals sitting at Amarillo, Texas," is reformed to read $750.00 and that portion of the judgment awarding attorney's fees "in the amount of $750.00 in the event of an appeal of this lawsuit to the Supreme Court of Texas" is reformed to read $500.00. As reformed, the judgment is affirmed.

COUNTISS, J., not participating.