Martha C. HUNT STEED, Appellant,

v.

Leota STEED, Individually and as Executrix of the Estate of Netum A. Steed, Deceased, Appellees.

No. 2–95–019–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 5, 1995.

Rehearing Overruled Nov. 16, 1995.

Gary F. Deshazo, Gary F. Deshazo & Associates, Austin, for appellant.

D. D'Lyn Davison, Sparkman & Davison, L.L.P., Wichita Falls, for appellees.

Before DAUPHINOT and BRIGHAM, JJ., and PAUL W. NYE, J. (Ret., Sitting by Assignment).

## OPINION

PAUL W. NYE, Justice (Retired).

Appellant Martha Steed ("Martha") appeals from the granting of a motion for summary judgment in favor of Leota Steed, Individually and as Executrix of the Estate of Netum A. Steed, Deceased ("Leota"). Martha contends in a single point of error that the trial court erred in granting appellee Leota's motion for summary judgment.

The question presented on appeal is whether Martha's claims against Leota, both Individually and as Executrix of the Estate of Netum A. Steed, Deceased, are barred by limitations. Because Martha failed to com-

mence her causes of action against Leota within the applicable period of limitations, and because the running of the statute of limitations was not otherwise suspended, we hold that Martha's claims are time barred. Accordingly, we overrule Martha's sole point of error and affirm the judgment of the trial court.

The following facts are undisputed: On September 4, 1985, Martha filed a petition seeking to dissolve her marriage to Richard Andrew Steed ("Richard") and to divide their community estate. In her petition for divorce, Martha alleged that Richard had defrauded the community estate by wasting and transferring community assets, for which Martha sought an unequal division of community property.

On May 4, 1987, Judge Wright appointed William Schur ("Schur") as guardian ad litem for the couple's minor children. On behalf of the minor children, Schur joined Richard's mother, Leota Steed, as a third-party defendant in her capacity as Independent Executrix of the Estate of Netum A. Steed, Deceased, and asked Judge Wright to order Leota to release funds from the Estate for child support and charge them against Richard's interest therein.[1] Leota answered and appeared only in her capacity as Executrix. Martha never filed suit against Leota in any capacity.

The matter proceeded to trial on September 14, 1987. On January 15, 1988, Judge Wright announced a decision from the bench. In effect, the trial judge set aside all transfers of community property between Leota and Richard, transactions the trial court characterized as attempts to defraud Martha. Within a month thereafter, Richard filed for Chapter 11 bankruptcy which accorded him an automatic stay from the divorce proceedings. On April 11, 1988, however, the federal bankruptcy court lifted the stay with regard

to child support and maintenance. Then on August 25, 1988, the bankruptcy stay was permanently lifted with regard to all issues except the division of property, effectively permitting the pending divorce action to proceed to judgment.

On December 16, 1988, Judge Wright signed a decree of divorce that: (i) permanently enjoined Leota, in her capacities as Executrix of the Estate of Netum A. Steed, Deceased, and as managing partner of the Netum A. Steed Estate Partnership, from transferring any money to Richard until such time as other portions of the divorce decree were satisfied and its judgments paid; (ii) nullified certain conveyances from Richard to Leota, individually;[2] and (iii) ordered Leota to make all records of the Netum A. Steed Estate Partnership available to a court-appointed receiver.

In an unpublished opinion issued May 12, 1993, this court of appeals reversed the portion of the divorce decree ordering relief against Leota because she was never sued in any capacity by Martha. *Steed v. Steed,* No. 02–88–228–CV (Tex.App.—Fort Worth, May 12, 1993, writ denied)(not designated for publication). The case was then remanded to the trial court for a just and right division of the community estate. Writ of error was denied by the Texas Supreme Court on January 5, 1994.

On May 10, 1994, Martha filed her Fourth Amended and Supplemental Petition that for the first time alleged that Leota, both individually and in her capacity as Executrix of the Estate of Netum A. Steed, Deceased, engaged in constructive and statutory fraud, civil conspiracy, conversion, breach of fiduciary duty, and intentional infliction of emotional distress. Martha based these claims on Richard's bankruptcy filing and two transfers of property by Richard to Leota: (i) a September 1986 transfer of a security interest in

---

1. More than two years before Martha filed for divorce, Netum A. Steed died testate in Wichita County, Texas, leaving specific bequests to his wife, Leota, and the residuary of his estate in equal shares to his three children, including Richard. The residuary consisted primarily of Netum's one-half community property interest in oil and gas holdings and real estate investments. Leota was appointed executrix of Netum's estate.

2. In its findings of fact and conclusions of law, the trial court determined that Richard and Leota transferred or encumbered properties in which Martha had a beneficial interest with the intent to injure Martha.

shares of SBS Oil Company to secure a $650,000 guaranty by Leota, individually, to First City National Bank of Fort Worth; and (ii) an October 1986 transfer of a security interest in Richard's right, title and interest in his father's estate to secure the same $650,000 guaranty. In response, Leota filed a general denial and a motion for summary judgment contending that all claims asserted by Martha against Leota in all capacities were barred by limitations. On October 31, 1994, Judge Mary Sean O'Reilly granted Leota's motion for summary judgment from which Martha now brings this appeal.

In her sole point of error, Martha contends that the trial court erred in granting Leota's motion for summary judgment. Specifically, Martha argues that the statute of limitations does not bar her claims against Leota because the statute was tolled pending the appeal of the divorce action. The date that limitations began running is not in dispute. Indeed, the parties appear to agree that, at the latest, limitations began running on all of Martha's claims as of the signing of the divorce decree on December 16, 1988. Depending on the cause of action, however, Martha's claims are governed by either a two or four year statute of limitations. *See* TEX. CIV.PRAC. & REM.CODE ANN. §§ 16.003, 16.004, 16.051 (Vernon 1986); TEX.BUS. & COM.CODE ANN. § 24.010 (Vernon Supp.1995). Martha filed no pleadings against Leota until May 10, 1994. Therefore, unless the running of limitations was suspended, as Martha contends, her claims are now barred.

▇▇ A statute of limitations does not give any right of action, but restricts the period within which a party can assert a right. *American Nat'l Ins. Co. v. Hicks*, 35 S.W.2d 128, 130 (Tex.Comm'n App.1931, judgm't adopted); *Besing v. Vanden Eykel*, 878 S.W.2d 182, 184 (Tex.App.—Dallas 1994, no writ). The statute does not affect substantive rights or create a right of action belonging to a particular party. *City of Dallas v. Etheridge*, 152 Tex. 9, 253 S.W.2d 640, 643 (1952). Instead of creating substantive rights, a statute of limitations limits substantive rights. It compels a party to bring a cause of action within a reasonable time so the opposing party has a fair opportunity to defend it. *Matthews Constr. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 (Tex.1990).

▇▇ A summary judgment movant has the burden to conclusively prove all essential elements of his cause of action or defense as a matter of law. *Missouri–Kansas–Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex.1981); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Thus, Leota assumed the burden of showing conclusively that, as a matter of law, Martha's claims were barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). In reviewing a summary judgment, we view all evidence in the light most favorable to the non-movant. In addition, all conflicts in the evidence which tend to support the non-movant's position are taken as true. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Finally, when reviewing a summary judgment granted on general grounds, as in this case, we must consider whether any theories set forth in the motion will support the summary judgment. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

▇▇ In her motion for summary judgment, Leota argued that, as a matter of law, all of Martha's claims against Leota in any capacity were barred by limitations. Attached to Leota's motion is a copy of Martha's live pleading (the Fourth Amended Original and Supplemental Petition) that on its face shows that the limitations periods for all of Martha's causes of action against Leota have expired. According to Leota, this pleading confirms that limitations on each of Martha's claims expired while the appeal of the divorce action was pending before this court.

Martha would have us hold that the pendency of the divorce action tolled the applicable statute of limitations for all or any part of the period from February 1, 1989 (the date Judge Wright signed his findings of fact and conclusions of law), until January 5, 1994 (the date the Texas Supreme Court denied writ). We decline to do so.

Martha relies primarily on two cases, *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991) and *Walker v. Hanes*, 570

S.W.2d 534 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), for the general proposition that "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Walker* 570 S.W.2d at 540; *see also Cavitt v. Amsler*, 242 S.W. 246, 249 (Tex.Civ.App.—Austin 1922, writ dism'd); *Pease v. State*, 228 S.W. 269, 270–71 (Tex.Civ.App.—San Antonio 1921, writ ref'd); *Fields v. Austin*, 30 S.W. 386, 387 (Tex.Civ.App.1895, writ ref'd). However, Martha's reliance on these cases is misplaced.

In *Walker*, separate requests to probate competing wills were filed by interested parties within the period of limitations. The trial court denied probate of the second will and confirmed probate of the first. Thereafter, Walker, the proponent of the second will, appealed by writ of certiorari.[3] However, the trial court dismissed the writ for want of jurisdiction before Walker obtained service on all necessary parties. *Walker*, 570 S.W.2d at 536. The court of appeals later reversed the trial court's decision and remanded the case for trial on the merits of the writ. On remand, however, the trial court granted summary judgment against Walker based on limitations because service had not been obtained on the necessary parties within the period of limitations. *Id.* at 537. On appeal from the granting of summary judgment, the court of appeals held that Walker's first appeal tolled limitations because the dismissal of the writ constituted a legal impediment to obtaining service of process on the parties cited in the writ proceeding. *Id.* at 540.

More recently in *Hughes*, the Texas Supreme Court applied the analysis in *Walker* to legal malpractice cases. Specifically, the Court stated:

> [T]he rationale applied in [*Walker*] is also appropriate when a client's cause of action for malpractice arises during the attorney's prosecution or defense of a claim which results in litigation. Limitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first.
>
> Therefore, we hold that when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted.

*Hughes*, 821 S.W.2d at 157; *see also Peterson v. Texas Commerce Bank—Austin, Nat'l Ass'n*, 844 S.W.2d 291, 294 (Tex.App.—Austin 1992, no writ) (bankruptcy stay constitutes a legal impediment that will toll the statute of limitations). The rationale in *Hughes* is that, if the client is forced to pursue the malpractice claim during the litigation of the underlying claim, he would be forced to take inherently inconsistent litigation postures: the client would have to defend the attorney's actions in the underlying claim while attacking them in the malpractice action. No such conflict confronted Martha in the instant case.[4] Nonetheless, even if one existed, *Hughes* does not apply outside the context of legal malpractice claims. *See Ponder v. Brice & Mankoff*, 889 S.W.2d 637 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Hoover v. Gregory*, 835 S.W.2d 668 (Tex.App.—Dallas 1992, writ denied).

As we understand Martha's argument, she believes that the pending appeal of the di-

---

**3.** The cause arose prior to the 1975 repeal of section 30 of the Texas Probate Code. Section 30 (then in effect—Act of March 17, 1955, 54th Leg., R.S., ch. 55, § 30, 1955 Tex.Gen.Laws 88, 97) provided, in part, that "[a]ny person interested in proceedings in probate may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward." An interested party challenged the proceeding by writ of certiorari. *See Walker*, 570 S.W.2d at 538–39.

**4.** Borrowing language from both the *Walker* and *Hughes* opinions, Martha argues that had she filed suit against Leota while the divorce action was pending, she would have been forced to take inconsistent positions regarding the claims against Leota. More specifically, Martha contends that on appeal from the divorce action, she took the position that Leota made a general appearance and thus was subject to the trial court's jurisdiction. However, in a separate suit against Leota, Martha would be forced to argue the contrary—that her claims against Leota were not affected by the divorce action because Leota was not a party to that action.

vorce action was a legal impediment that prevented her from filing suit against Leota. Indeed, if that were true, limitations would have been suspended until the legal impediment was removed. However, the appeal of the divorce action did not constitute a legal impediment in the instant case. Our research shows that a legal impediment may include an injunction *Pioneer Bldg. & Loan Ass'n v. Johnston,* 117 S.W.2d 556, 558 (Tex. Civ.App.—Waco 1938, writ dism'd), a bankruptcy stay, *Peterson,* 844 S.W.2d at 294, or the situation where the outcome of an initial case determines the viability of a subsequent cause of action, *Hughes,* 821 S.W.2d at 156. The mere fact that the divorce action was pending on appeal serves as no basis for tolling limitations on causes of action against a non-party. Whether Leota was subject to the trial court's jurisdiction in the divorce proceeding would have no bearing on a subsequent suit. Thus, even though Leota participated in the appeal of the divorce action, that appeal did not prevent Martha from filing a separate suit against Leota. Martha concedes that she never attempted to file suit against Leota in any capacity prior to May of 1994, almost six years after the divorce decree was signed.

At trial, Martha could have amended her pleadings to assert her claims against Leota, a third-party defendant, as provided by rule 38 of the Texas Rules of Civil Procedure. *See J.G. Boyd's Good Housekeeping Shops, Inc. v. General Securities Serv., Inc.,* 483 S.W.2d 826 (Tex.Civ.App.—Waco 1972, no writ); and *compare Oliver v. Oliver,* 889 S.W.2d 271 (Tex.1994). In the alternative, while the divorce action was pending on appeal, Martha could have filed a separate suit against Leota to preserve her causes of action. However, Martha chose to do nothing until after limitations had run. The trial court properly granted Leota's motion for summary judgment. Martha's causes of action against Leota were barred by limitations. We overrule Martha's sole point of error.

The judgment of the trial court is affirmed.