IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-41224

QUIHONG LIU

Plaintiff-Appellee

V.

FIDELITY AND GUARANTY LIFE INSURANCE COMPANY

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-313

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Fidelity & Guaranty Life Insurance Company ("Fidelity") appeals the district court's entry of final judgment in favor of Plaintiff-Appellee Qiuhong Liu ("Liu") entitling her to proceeds from her deceased husband's life insurance policy. Fidelity argues that its insurance contract with Chenggang Chen ("Chen"), Liu's husband, never took effect because Chen failed to satisfy a condition precedent to the contract's formation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We agree with the district court that the insurance contract did not contain a condition precedent. We therefore affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 4, 2003, Chen applied for a Fidelity life insurance policy with a face amount of $230,000. Also on that date, Chen paid the initial $60 premium and signed a conditional receipt. The conditional receipt, which provided for conditional insurance, became effective on September 8, 2003, when Fidelity received the initial premium payment at its home office.

The application asked a number of health-related questions. Of particular relevance to this appeal, question seven queried, "Within the past 10 years, has any person proposed to be insured been treated for or diagnosed by a physician or other health care professional as having . . . b. Cancer, cyst, or tumor?" Chen marked the box indicating "No." In addition, the application contained the following provision:

> AUTHORIZATION
>
> I have read the questions and answers on this application. The statements made in this application are: complete; true; and correctly recorded. I agree that a copy of this application will form a part of any policy issued by the Company. I also agree that, except as provided in this application's Receipt, if issued, no insurance will take effect unless and until both of the following conditions are satisfied during each proposed insured's lifetime and while each proposed insured's health is as stated in this application: (1) this policy is delivered to and accepted by the Owner; and (2) the full initial premium for the mode of payment chosen is paid at our Home Office.

(emphasis added).[1]

On September 9-10, 2003, Chen was diagnosed with lung cancer. On September 12, 2003, Fidelity issued the life insurance policy and delivered it to

---

[1] This opinion shall refer to the language in italics as the "Health as Stated Clause."

Chen by mail. Fidelity did not know of Chen's cancer diagnosis when it issued the policy. Chen died from hepatic failure and lung cancer on January 23, 2004.

Following Chen's death, Liu, his designated beneficiary, submitted a claim for benefits. In a letter dated June 16, 2004, Fidelity denied Liu's claim, rescinded the policy, and refunded the initial premium. Liu refused the return of the premium and did not deposit the check.

Liu filed suit against Fidelity, alleging that Fidelity breached the insurance contract by failing to pay her the insurance proceeds due under the contract.[2] The parties filed cross-motions for summary judgment. Fidelity argued that it did not enter into an insurance contract with Chen because Chen failed to satisfy a condition precedent to formation of the contract, namely, the Health as Stated Clause. According to Fidelity, Chen did not satisfy the Health as Stated Clause because his health was not "as stated" in the application at the time that Fidelity delivered the policy.

The district court rejected Fidelity's argument and held that, under Texas law, the Health as Stated Clause is a representation, not a condition precedent.[3] The district court also held that, even if the "health is as stated" language from the application constituted a condition precedent, additional language in the policy created an ambiguity in the contract that had to be resolved in favor of the insured.

The "General Provisions" section of the policy states, "We will rely on all statements made in an application. Those statements will be considered representations and not warranties. We will not use any statement in defense of a claim unless that statement is made in an application which is part of the entire contract." (emphasis added). According to the district court, the "General

---

[2] The application and the policy, along with other documents not relevant here, formed the insurance contract.

[3] The parties do not dispute that Texas law governs this case.

Provisions" section unambiguously provides that the Health as Stated Clause is a representation. Because Fidelity did not contend that Chen made a misrepresentation, the district court held that coverage existed under the policy, and it granted summary judgment in favor of Liu. Fidelity now appeals.

## II. DISCUSSION

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because the parties submitted this case for summary judgment on stipulated facts, only conclusions of law are at issue and we review the judgment de novo. Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co., 335 F.3d 429, 435 (5th Cir. 2003).

The central issue on appeal is whether the language that Fidelity included in its life insurance application operates as a condition precedent or a representation about Chen's health. If the insurance contract contained a condition precedent that Chen did not satisfy,[4] then there was no contract between Fidelity and Chen, and Fidelity has no obligation to pay Liu any insurance proceeds. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 507 (Tex. 2001) ("A condition precedent is 'an event that must happen or be performed before a right can accrue to enforce an obligation.'" (quoting Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992))). If, however, the insurance contract contained a mere representation about the insured's health, then coverage exists unless Fidelity can prove that Chen made a misrepresentation in the insurance application. See Mayes v. Mass. Mut. Life Ins. Co., 608 S.W.2d 612, 616 (Tex. 1980).[5] Because Fidelity did not allege that Chen made any misrepresentations,

---

[4] "A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied." Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283 (Tex. 1998).

[5] To avoid a policy based on a claim of misrepresentation, an insurer must prove (1) the making of the representation, (2) the falsity of the representation, (3) reliance thereon by the insurer, (4) the intent to deceive on the part of the insured, and (5) the materiality of the representation. Mayes, 608 S.W.2d at 616.

Fidelity must perform under the insurance contract unless this court determines that the contract contained a condition precedent that Chen did not satisfy.

### A.    Condition Precedent or Representation?

Because this case is in federal court based on diversity jurisdiction, we follow Texas's substantive law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  In Texas, insurance policies are interpreted in accordance with the usual rules of contract construction.  Am. Mfrs. Mut. Ins. Co. v. Shaefer, 124 S.W.3d 154, 157 (Tex. 2003).[6] "When the language of an insurance policy is susceptible to more than one construction, the insurance policy should be construed in favor of the insured to avoid exclusion of coverage." Protective Life Ins. Co. v. Russell, 119 S.W.3d 274, 281 (Tex. App. 2003) (citing Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987)).

This court has previously summarized the substantive law relevant to this case:

> Under Texas law, the responses given in a life insurance application are mere representations, rather than warranties that would be capable of making coverage void or voidable.  Short of inserting an unambiguous "good health warranty" demonstrating that the parties intended the contract to rise or fall on the literal truth of an insured's general certification of good health, Texas has not allowed an insurer to change that result by contracting to make truthful application answers a condition precedent to coverage.

Riner v. Allstate Life Ins. Co., 131 F.3d 530, 536-37 (5th Cir. 1997) (citations omitted).  In other words, provisions in insurance policies that turn on the truth

---

[6] These rules provide,
If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and we construe it as a matter of law.  Whether a contract is ambiguous is itself a question of law.  An ambiguity does not arise simply because the parties offer conflicting interpretations. An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations.  When construing the policy's language, we must give effect to all contractual provisions so that none will be rendered meaningless.
Shaefer, 124 S.W.3d at 157 (internal citations and quotation marks omitted).

or falsity of answers in an insurance application are treated as representations. Russell, 119 S.W.3d at 281 (citing Mayes, 608 S.W.2d at 616). Alternatively, a "good health provision" that "expressly provides that coverage does not take effect unless the applicant is in good health" operates as a condition precedent. Id.

Texas law strongly disfavors warranties and conditions precedent. Riner, 131 F.3d at 537 n.7 ("Warranties in insurance applications are strongly disfavored in the law, and even fairly obvious attempts to create warranties in the application process have been rejected by Texas courts."). Indeed, a Texas statute dictates,

> Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case.

TEX. INS. CODE ANN. art. 21.16.[7] Texas courts have set a very high bar in interpreting insurance clauses as conditions precedent, even holding clauses that specifically invoke the insured's "good health" to be mere representations. See, e.g., Am. Nat'l Ins. Co. v. Paul, 927 S.W.2d 239, 243 (Tex. App. 1996) ("I declare that to the best of my knowledge and belief, I am in good health and that my age is as stated above."); Cartusciello v. Allied Life Ins. Co., 661 S.W.2d 285, 286 (Tex. App. 1983) ("I hereby certify that I am in good health . . . [and] the

---

[7] The statute has since been repealed but was in effect at all times relevant to this appeal.

information provided hereinbefore to the best of my knowledge is true . . . ."); Allied Bankers Life Ins. Co. v. De La Cerda, 584 S.W.2d 529, 532 (Tex. App. 1979) ("I hereby certify that . . . to the best of my knowledge and belief I am in good health as of the above effective date.").

In other cases, Texas courts have shown what is required for an insurance provision that turns on the insured's health to operate as a condition precedent. See, e.g., Great Am. Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 903 (Tex. 1966) ("[T]he policy shall not take effect until it has been delivered to its owner during the lifetime and good health of the Insured . . . ."); Lincoln Income Life Ins. Co. v. Mayberry, 347 S.W.2d 598, 599 (Tex. 1961) ("This policy shall be voidable by the Company if on its date of issue the insured is not in sound health . . . ."). Notably, the provisions in these cases condition coverage on a factual test of the current good health of the insured, and they in no way rely on or incorporate statements made by the insured in the insurance application.

The provision at issue in this case contains aspects of both a good health condition precedent and an incorporation of a mere representation made by the insured. At first blush, the language appears to condition the application's effectiveness on the actual state of health of the insured at the time the two listed conditions are met. However, the Health as Stated Clause also necessarily incorporates Chen's statements from the application that he had not been "treated for or diagnosed" as having cancer. Thus, although this clause does turn on Chen's actual health at the time of delivery of the application, it also turns on the truth or falsity of a representation Chen made in the insurance application. Therefore, the provision at issue in this case purports to do exactly what the Texas Insurance Code and case law prohibit: it provides that untrue or false answers in an insurance application render the policy void. See TEX. INS. CODE ANN. art. 21.16 ("Any provision . . . which provides that the answers or statements made in the application for such contract or in the contract of

insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect . . . ."); Paul, 927 S.W.2d at 243 ("[W]here the language in the policy states that the answers in the application are true and correct at the time of delivery of the policy, such a requirement is merely a representation."). Therefore, under Texas law, this clause cannot operate as a condition precedent.[8]

It is true that Chen's health was not "as stated" at the time of delivery of the policy. However, under Texas law, an insurer must plead the elements of a misrepresentation in order to avoid coverage. Mayes, 608 S.W.2d at 616. The policy is not automatically void, as it would be if this clause were an unambiguous good health provision. Here, Fidelity could have argued that Chen's failure to correct his answers in the application constituted a misrepresentation. See id. (holding that an "insured's failure to advise the insurer of the changes in his prior answers were misrepresentations"). Fidelity made no such argument and we therefore agree with the district court's conclusion that this insurance policy should stand.

B.    Effect of the "General Provisions" section of the policy on the Health as Stated Clause

The district court held in the alternative that, even if the Health as Stated Clause constituted a condition precedent, Fidelity owed Liu the insurance proceeds because the "General Provisions" section of the policy indicates that all

---

[8] Fidelity argues that we are bound by this court's decision in Bryant v. Standard Life & Accident Insurance Co., 348 F.2d 649, 655 (5th Cir. 1965). In Bryant, this court declared that the clause, "while health, habits and occupation of the Proposed Insured remain as described in this application," operated as a good health provision—and thus a condition precedent. 348 F.2d at 655. However, this statement is mere dictum, because the court's holding relied on a different provision of the insurance contract in question. Id. at 657 ("The fact is, therefore, clearly established that the applications for each of these policies was [sic] under [a different contractual provision]."). Therefore, Bryant does not bind us on this question.

"statements" in the application are representations.[9] According to the district court, if a provision in the application appears to create a condition precedent and language in the policy indicates that the same provision is a representation, then there is coverage because Texas law requires courts to resolve all ambiguities in an insurance contract against the insurer. See Paul, 927 S.W.2d at 243 ("When the language of an insurance policy is susceptible to more than one construction, the insurance policy should be construed in favor of the insured to avoid exclusion of coverage."). Because we affirm the district court's primary holding, we need not address its alternative holding.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.

AFFIRMED.

---

[9] Recall that the "General Provisions" section states, "We will rely on all statements made in an application. Those statements will be considered representations and not warranties. We will not use any statement in defense of a claim unless that statement is made in an application which is part of the entire contract."