

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00198-CV

| | | |
|---|---|---|
| James Scott | § | From the 30th District Court |
| v. | § | of Wichita County (170,961-A) |
| The City of Kerrville, Texas, The Kerrville, Texas Police Department, and The Kerrville, Texas Sheriff Department | § | November 29, 2012 |
| | § | Opinion by Justice Gardner |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Anne Gardner



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00198-CV

JAMES SCOTT                                                          APPELLANT

V.

THE CITY OF KERRVILLE, TEXAS,                                        APPELLEES
THE KERRVILLE, TEXAS POLICE
DEPARTMENT, AND THE
KERRVILLE, TEXAS SHERIFF
DEPARTMENT

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant James Scott appeals the trial court's summary judgment in favor

of Appellees the City of Kerrville, Texas; the Kerrville, Texas Police Department;

and the Kerrville, Texas Sheriff Department (collectively, the City) in the suit he

---

[1]*See* Tex. R. App. P. 47.4.

filed against them and in which he sought damages for a civil rights violation.[2] The City denied Scott's allegations and asserted that his claim was barred by a two-year statute of limitations. The trial court granted the City's motion for summary judgment based on the statute of limitations. Scott argues in one issue that his claim is not barred by the statute of limitations. We affirm.

## II. Standard of Review

In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding

---

[2]Scott specifically alleges that "[t]his case concerns civil rights [and] constitutional rights violations against the Appellant under the 5th, 8th, 13th, [and] 14th Amendments of the U.S. Constitution concerning an illegal arrest [and] prison sentence [and] conviction for possession of codeine on February 15, 1975."

evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Chau*, 254 S.W.3d at 455; *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

### III. Discussion

Scott was convicted in 1975 for possession of codeine and sentenced to two years in prison. In 1996, Scott was indicted for aggravated robbery, and he alleges that his 1975 conviction was used to enhance that sentence.[3] Scott contends that the Texas Court of Criminal Appeals reversed his 1975 conviction on September 16, 1998, but that the district court did not expunge the conviction until August 2007.[4]

---

[3]Scott is currently serving a seventy-five-year prison sentence for the aggravated robbery conviction.

[4]Scott neither attached a copy of the court of criminal appeals's opinion or order nor provided a citation to the case. Scott also failed to present evidence of the order of expunction that he contends was issued in 2007. Thus, there is no

4

On August 28, 2009, Scott sued the City under 42 U.S.C.A. § 1983, alleging that the City's actions resulted in his wrongful conviction. Section 1983 does not contain a limitations period, so courts apply the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484–86, 100 S. Ct. 1790, 1795–96 (1980); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). In Texas, the limitations period for a personal injury claim is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2012). Scott was thus required to file his lawsuit within two years of the date on which his cause of action accrued. *Id.* (stating that "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues").

The United States Supreme Court has held that a section 1983 cause of action accrues when the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S. Ct. 2364, 2373–74 (1994); *see also Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005) ("Ordinarily, a cause of action under section 1983 accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (quoting *Jackson v. Johnson*, 950

---

evidence in the summary judgment record that his conviction was in fact overturned by the court of criminal appeals or that the district court ordered his conviction expunged. However, we assume the truth of these allegations because the City relied on Scott's original petition as its summary judgment evidence.

F.2d 263, 265 (5th Cir. 1992)). Applying this rule, the Fifth Circuit has held that a section 1983 claimant's cause of action accrued when his capital murder conviction was reversed and remanded on direct appeal, even though the claimant was awaiting a second criminal trial on the same charges. *See Davis v. Zain*, 79 F.3d 18, 18–19 (5th Cir. 1996).

The City's motion for summary judgment and evidence established that the statute of limitations began to run on September 16, 1998, the day that Scott's 1975 conviction was reversed by the court of criminal appeals. *See Heck*, 512 U.S. at 489–90, 114 S. Ct. at 2373–74 (stating that a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"). The City also established that Scott did not bring suit until August 28, 2009, almost eleven years after the time he contends his 1975 conviction was overturned. The City thus met its burden of showing entitlement to judgment as a matter of law on its statute of limitations defense, and the burden shifted to Scott to present evidence showing a genuine issue of material fact that would preclude summary judgment. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

Scott asserted in his summary judgment response that the statute of limitations was tolled because "there are agencies who have fail[ed] to follow the court's order to completely expunge the case." More specifically, Scott argued that because his current prison sentence—for which he is still incarcerated—was

6

enhanced by using the invalid 1975 conviction, his case remains "active," further meaning that the statute of limitations has not yet begun to run. Scott relied on *Jackson*, 950 F.2d at 266, to support his tolling argument. In that case, the Fifth Circuit held that the statute of limitations for the prisoner's section 1983 claim was tolled during the periods when his state court proceedings remained pending but that the statute of limitations was not tolled while there were no pending state court actions. *Id.*

Scott's argument is unpersuasive. First, unlike the prisoner in *Jackson*, Scott failed to present any summary judgment evidence tending to establish the existence of any legal proceedings. He argued in the trial court and asserts on appeal that he has had ongoing litigation since 1998 that tolled the statute of limitations, but he offered no summary judgment proof to support his contention. Scott therefore failed to meet his summary judgment burden of presenting evidence that the statute of limitations was tolled and did not bar this lawsuit. *See KPMG*, 988 S.W.2d at 748 ("If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations.").

Furthermore, Scott misapplies the tolling rule applicable to pending legal proceedings. This lawsuit is for money damages against the City for his 1975 wrongful arrest and imprisonment. To the extent Scott had legal proceedings between 1975 and 1998 that assailed the 1975 conviction, those proceedings would have tolled the statute of limitations for his section 1983 claim. However,

7

Scott contends that he successfully challenged the 1975 conviction and that the court of criminal appeals reversed the 1975 conviction in 1998. The United States Supreme Court held in *Heck* that a prisoner has a section 1983 claim once "the conviction or sentence is reversed, expunged, invalidated, *or* impugned by the grant of a writ of habeas corpus." 512 U.S. at 489–90, 114 S. Ct. at 2373–74. (emphasis added). Scott asserts that his conviction was overturned in 1998. He therefore had no further impediment to his section 1983 claim against the City for money damages once his 1975 conviction was overturned. *See Davis*, 79 F.3d at 18–19 (holding that claimant's section 1983 cause of action accrued upon reversal of his conviction, even though claimant was awaiting retrial on the same charges). The unproven facts that other unnamed "agencies" have not completely expunged his conviction or that the district court ordered expunction in 2007 have no effect on his section 1983 claim against the City because his claim against the City is not dependent on expunction. Rather, his claim against the City relates to the original wrongful arrest and conviction, not the removal of the conviction from his criminal record. In short, Scott's wrongful conviction in 1975 was no longer an impediment to his suit for money damages against the City when the court of criminal appeals overturned the conviction. *See Heck*, 512 U.S. at 486–87, 114 S. Ct. at 2372 (holding that a section 1983 plaintiff has a cognizable claim once he can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

8

federal court's issuance of a writ of habeas corpus"). Thus, even if Scott had offered summary judgment evidence of legal proceedings subsequent to 1998, those proceedings would not have tolled the statute of limitations in this case. *See Hunt Steed v. Steed*, 908 S.W.2d 581, 584–85 (Tex. App.—Fort Worth 1995, writ denied) (holding statute of limitations not tolled due to pending appeal of divorce action because pending appeal was not a legal impediment to the plaintiff's tort action against her mother-in-law).

We therefore hold that the trial court did not err by granting the City's motion for summary judgment, and we overrule Scott's sole point.

## IV. Conclusion

Having overruled Scott's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  November 29, 2012

9