Hartwin Ray PETERSON, Jr., Appellant,

v.

TEXAS COMMERCE BANK–AUSTIN, NATIONAL ASSOCIATION, Appellee.

No. 3–92–120–CV.

Court of Appeals of Texas, Austin.

Dec. 23, 1992.

James V. Hoeffner, Alvis, Carssow, Cummins, Hoeffner & Botsford, Austin, for appellant.

Angela C. Dickerson, Liddell, Sapp, Zivley, Hill & LaBoon, L.L.P., Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Hartwin Ray Peterson, Jr., appeals an adverse summary judgment rendered against him in a deficiency suit on a promissory note. Peterson sought to avoid liability for the debt by pleading the affirmative defense of limitations. At issue is whether, under Texas common law, the pendency of a federal bankruptcy proceeding tolls the applicable state statute of limitations. Holding that it does, we will affirm the district-court judgment.

## FACTS

Peterson executed a promissory note that Texas Commerce Bank–Austin, N.A. (the "Bank"), came to own and hold. The note had a final maturity date of April 21, 1986. Peterson defaulted in payment of the note upon maturity and thereafter filed for bankruptcy on July 31, 1986. On October 29, 1990, the bankruptcy court rendered its judgment declaring that Peterson had obtained credit from the Bank under false pretenses and that the note debt was nondischargeable. From July 31, 1986, to October 29, 1990, the Bank was legally prevented from suing on the debt by virtue of the automatic stay imposed by section 362(a) of the Bankruptcy Code. 11 U.S.C.A. § 362(a) (West 1979 & Supp.1992). On July 8, 1991, the Bank filed suit on the debt in state court and later moved for summary judgment. The Bank alleged in both its original petition and its motion for summary judgment the specific dates when Peterson filed his bankruptcy petition and when the bankruptcy court declared the note debt nondischargeable. Peterson responded and filed a cross-motion for summary judgment, alleging the four-year statute of limitations for suing on the debt had run. See Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a)(3) (West 1986).

After considering the pleadings, motions, and arguments of counsel, the court granted the Bank's motion for summary judgment and denied Peterson's. Having perfected his appeal, Peterson advances four points of error.

## DISCUSSION

Although he alleges the trial court erred in granting the Bank summary judgment, Peterson's argument in this Court focuses on the denial of his own motion for summary judgment and finds error in the trial court's ruling that limitations did not bar the Bank's suit. In his first point of error, Peterson maintains the Bank was required to plead the suspension of the statute of limitations because suspension is in the nature of a plea of confession and avoidance. He contends the Bank's pleadings are insufficient to raise the matter of suspension and, therefore, the Bank waived the defense. We disagree.

The Bank specifically pleaded in its motion for summary judgment facts showing that Peterson had filed for bankruptcy. An automatic consequence of filing for bankruptcy is the imposition of a stay of any suits against the debtor. 11 U.S.C.A. § 362(a). Therefore, by pleading that Peterson had filed for bankruptcy, the Bank raised the issue of suspension of limitations. It then became Peterson's burden, as movant for summary judgment on the issue of limitations to negate suspension by

proving as a matter of law that the bankruptcy proceeding did not toll the statute of limitations. *See Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975) (movant for summary judgment on basis of limitations could not prevail where plaintiff raised applicability of suspension statute and movant failed to negate statute's applicability); *see also Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977) (movant for summary judgment on limitations has burden to negate discovery rule where nonmovant has raised issue concerning when nonmovant discovered or should have discovered that cause of action accrued); *Wood v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex. 1988) (burden of pleading and proving discovery rule different in trial on merits than in summary judgment context). Peterson seems to argue that the Bank failed to raise suspension because its pleadings did not expressly state that the statute of limitations was suspended. Peterson cites no authority for imposing such a technical and narrow reading of pleadings, and we decline to do so. Concluding that the Bank raised the issue of suspension, we overrule Peterson's first point of error.

Before proceeding to Peterson's three remaining points of error, we provide some background. The Bankruptcy Code addresses the interaction between section 362(a)'s automatic stay provision and state statutes of limitations in section 108(c).[1] As we will develop below, Peterson argues that "applicable nonbankruptcy law" embraces only specialized suspension statutes and that only they may serve to toll the statute of limitations during bankruptcy. Texas has no such statute. The Bank, however, asserts that "applicable nonbankruptcy law" includes common-law tolling doctrines and that Texas common law provides for suspension of limitations during bankruptcy.

In his second point of error, Peterson relies on *Martindale Mortgage Co. v. Crow,* 161 S.W.2d 866 (Tex.Civ.App.—El Paso 1941, writ ref'd w.o.m.), to argue that Texas common law interprets federal bankruptcy law as tolling the statute of limitations only for thirty days after notice of lifting of the stay. The *Martindale* court faced the same issue confronting this Court—whether state common law tolls limitations during bankruptcy. Observing that neither state nor federal statutes provided for the suspension of limitations during the bankruptcy proceeding at issue in the case before it, that court relied on Texas common law in holding that the bankruptcy tolled the statute of limitations. *Id.* at 870, 872. The court stated:

> During the period of the pendency of this bankruptcy, under the terms of the law, there was no court where, as a matter of right, the appellant might institute suit seeking to recover against appellee on this claim. No court, without appellant [having] obtained the consent of the bankruptcy court, could entertain this suit.
>
> . . . .
>
> We have no doubt that the filing of the petition interrupted the running of the statute.

*Id.*

Despite the clarity of this holding, Peterson argues that the court's "rationale" inescapably leads to a different result in the instant case. Peterson distills this rationale from the court's discussion relating to the absence of tolling statutes:

> At the time of the pendency of the bankruptcy proceeding we have under consideration, we have been cited to no statutes of the United States providing for such suspension. It is true that Sec. 11 of the Bankruptcy Act known as 11 U.S.C.A.

---

1. Section 108(c) provides, in pertinent part:
   (c) [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against a debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
   (2) 30 days after notice of the termination or expiration of the stay under section 362 ... with respect to such claim.
   11 U.S.C.A. § 108(c) (West 1992).

§ 29,[2] specifically provides for the situation we have here.... Before [section 29] went into effect the bankruptcy proceeding in question had been dismissed. *Id.* at 870. We understand Peterson to argue that the *Martindale* court would have held differently had section 29 been in effect. The facts in *Martindale* reveal, however, that even if section 29 had been in effect, the creditor would not have come within its protection because he filed suit more than 30 days after dismissal of the bankruptcy petition. *Id.* at 872. Thus, the court would still have had to rely on Texas common law to hold that the creditor's suit was not time-barred.

The *Martindale* court neither expressed nor implied any desire to limit the holding or make its application turn on the existence of independent federal suspension statutes. We therefore reject Peterson's interpretation of *Martindale*. Furthermore, Texas common law since *Martindale* has recognized that the Bankruptcy Code's automatic-stay provision interrupts the running of applicable limitations periods. *See Howard v. Howard,* 670 S.W.2d 737, 738 (Tex.App.—San Antonio 1984, no writ).

■ Finally, the Texas Supreme Court recently reaffirmed that, "[w]here 'a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right.'" *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex. 1991) (quoting *Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.)). Although the limitations question addressed in *Hughes* arose in the context of a legal malpractice action, the court's reasoning is equally applicable here. There, the defendants argued that the limitations period for the malpractice suit began to run when the cause of action accrued and was not tolled during exhaustion of appeals in the underlying action. The supreme court rejected this argument, explaining that the statute

of limitations was tolled for the second cause of action because the viability of the second action depended on the outcome of the first. *Hughes,* 821 S.W.2d at 157. The same is true here. Had the bankruptcy court found the note debt subject to discharge, the Bank could not have brought the cause of action here appealed. Therefore, we hold that when a claimant is prohibited from bringing suit by the Bankruptcy Code's automatic-stay provision, the statute of limitations is tolled until the stay is lifted. We overrule Peterson's second point of error.

By his third point of error, Peterson urges that federal law interpreting section 108(c)(1) recognizes suspension only by specialized statutes and thus preempts Texas common-law tolling doctrines. According to Peterson, section 108(c) provides that a limitations period that expires during the pendency of a bankruptcy proceeding can be extended only by the 30–day allowance of section 108(c)(2) or by a state's specialized suspension statutes. However, section 108(c) does not itself restrict the source of the suspension to specialized statutes. Thus, Peterson relies on federal bankruptcy case law to argue that only state statutory law, as opposed to common law, can toll the statute of limitations in the bankruptcy context. *See In re Pettibone Corp.,* 110 B.R. 848, 853 (Bankr. N.D.Ill.1990), *vacated sub nom. Pettibone Corp. v. Easley,* 935 F.2d 120 (7th Cir. 1991).

In *Pettibone,* tort claimants filed suit against a corporation in bankruptcy in violation of the automatic stay. Three of these claimants failed to refile their actions within 30 days after termination of the stay, as section 108(c)(2) permits. The bankruptcy court stated that the continued viability of the state tort suits depended on the existence of specialized suspension statutes tolling the statute of limitations. *In re Pettibone,* 110 B.R. at 853. The Seventh Circuit Court of Appeals, in vacating the lower court's decision for lack of jurisdiction, offered an instructive discussion of

---

**2.** A predecessor of § 108, § 29 likewise provided a 30–day window following dismissal of a

bankruptcy proceeding in which a claimant could bring suit against the debtor.

the interplay between section 108(c) and state statutes of limitations. The court explained:

> [T]he only obstacles to the continuation of the tort suits are the statutes of limitations—Michigan's for two cases and Louisiana's for the third. Whether Michigan or Louisiana would treat a case filed in violation of the automatic stay as a non-event for limitations purposes is a question of state law. No *federal* interest is in play; the bankruptcy court authorized the continued prosecution of these cases when it confirmed the plan of reorganization. Federal law assured the plaintiffs 30 days in which to pick up the baton; if states want to give plaintiffs additional time, that is their business. Some states do—e.g., Illinois, which tolls its statute of limitations during the entire bankruptcy proceeding, Ill.Rev.Stat. ch. 110 ¶ 13–216. No one believes that these states are violating federal law.

*Pettibone Corp. v. Easley,* 935 F.2d at 121.

As in *Pettibone,* the bankruptcy court in this case held a claim nondischargeable. The above excerpt reveals that the federal interest does not thereafter extend to whether or how state law, through statutes of limitations or the suspension thereof, allows suit on such claims. Although the Seventh Circuit offers the Illinois suspension statute as an example of one state's method for tolling its statute of limitations, the court makes clear that the issue of tolling is left wholly to the states, free of any overriding federal interest. *See also Ambrose Branch Coal Co., Inc. v. Tankersley,* 106 B.R. 462, 466 (W.D.Va.1989) (bankruptcy court defers to state limitations law and nowhere confines that deference to statutory law).

■ Peterson also cites other bankruptcy cases interpreting section 108(c). *See In re Baird,* 63 B.R. 60, 63 (Bankr.W.D.Ky. 1986); *In re Deicas,* 137 B.R. 51, 55 (Bankr.S.D.Cal.1992). These courts held that section 108(c) does not in itself toll the limitations period. Because we hold that

our state's common law, and not the federal bankruptcy law, tolls the statute of limitations, our decision is entirely consistent with this interpretation of section 108(c). We therefore conclude that federal law does not preempt the means whereby a state may suspend its statute of limitations. Peterson's third point of error is overruled.

In his final point of error, Peterson characterizes the trial court's holding as an application of the equitable doctrine of tolling and complains that resort to equitable principles was error because the Bank had an adequate remedy at law—the 30–day window of section 108(c)(2). The 30–day window, Peterson claims, adequately substitutes for the lost time during which the Bank could have sued but for the legal barrier imposed by section 362(a).

■ We believe this argument misses the point. Peterson would have us tell the Bank that, despite the assurances of state common law that the statute of limitations was tolled when Peterson filed for bankruptcy, only section 108(c)(2) effectively preserved its claim, and preserved it for a mere 30 days. We have discovered no federal preemptive principles that would limit the Bank's remedy to the restrictive 30–day window. After the automatic stay has been lifted, a claimant should benefit from the tolling of the statute of limitations for the period the stay was imposed and be permitted to bring suit during the remaining period granted by the statute of limitations.[3] We overrule Peterson's fourth point of error.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court in all respects.

---

**3.** For example, in this case, Peterson filed for bankruptcy roughly three months after the note matured. Therefore, when the bankruptcy

court lifted the stay, the Bank retained approximately three years and nine months within which to file its suit.