# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00745-CV

**Francis C. Bashaw a/k/a Bubba Bashaw, Appellant**

**v.**

**The State of Texas and Carole Keeton Strayhorn, in her Official Capacity as Comptroller of Public Accounts of the State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GN500959, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case concerns whether appellant Francis Bashaw's bankruptcy proceeding tolled the statute of limitations for filing a petition for bill of review challenging a default judgment entered against him in a motor vehicle sales tax collection suit. Concluding that the statute of limitations was not tolled, we affirm the trial court's take-nothing summary judgment on Bashaw's action for a bill of review.

On August 11, 2000, the Comptroller sued Bashaw for delinquent motor vehicle sales taxes. A default judgment was entered against Bashaw for the amount of the delinquent taxes on September 21, 2000. Bashaw filed for Chapter 7 bankruptcy protection on February 1, 2002, and received a discharge on October 8, 2003. On March 30, 2005, Bashaw filed a petition for bill of review challenging the default judgment obtained by the Comptroller in September 2000 for the delinquent taxes. The Comptroller responded with a motion for summary judgment, asserting that

Bashaw was barred from recovery by the four-year statute of limitations governing bills of review. The trial court granted summary judgment in favor of the Comptroller on the basis of limitations.

On appeal, Bashaw asserts that the automatic stay provision of the United States Bankruptcy Code tolled the statute of limitations for filing his bill of review. Section 362 of the bankruptcy code automatically stays the continuation of a judicial action on a claim "against the debtor." *See* 11 U.S.C.A. § 362. Characterizing the bill of review as a continuation of the tax collection suit, Bashaw contends that the automatic stay tolled the statute of limitations for filing his bill of review for the 20 months during which his bankruptcy proceeding was pending. The Comptroller responds that the automatic stay provision of the bankruptcy code does not apply to Bashaw's bill of review because it is not a continuation of a judicial action on a claim "against the debtor." *Id.*

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). The Fourteenth Court has addressed the question of whether the automatic stay in bankruptcy applies to an action for a bill of review:

> The automatic stay of the bankruptcy code applies only to actions "against the debtor." It does not apply to a debtor's offensive claims. Appellant [debtor] brought the bill of review and was the party seeking relief. Therefore, the Bill of Review was not an action against him, and the automatic stay did not apply.

*Clarke v. Hunters Glen Cmty. Ass'n*, No. 14-03-00971-CV, 2004 Tex. App. LEXIS 5218, at *6 (Tex. App.—Houston [14th Dist.] June 15, 2004, no pet.)(mem. op.) (citations omitted). Citing this authority, the Comptroller asks this Court to conclude that the automatic stay did not apply to

Bashaw's bill of review, and to hold that the statute of limitations for filing a bill of review continued to run throughout the pendency of Bashaw's bankruptcy proceeding. We need not decide whether the automatic stay applies to actions for a bill of review because application of the stay does not affect the result of this case. As explained below, application of the automatic stay does not toll, suspend, or otherwise extend the filing deadline for a bill of review such that Bashaw's filing in this case was timely.

Bashaw urges this Court to treat his bill of review like an appeal[1] of the judgment in the Comptroller's suit against him and to conclude that the automatic stay on suits against him tolled the deadline for filing his bill of review. However, Bashaw's argument incorrectly assumes that the application of the automatic stay to appeals somehow tolls or suspends appellate deadlines. Several Texas courts of appeals have held that the automatic stay provided by section 362 of the United States Bankruptcy Code does not operate to toll any state appellate deadlines. *See Gantt v. Gantt*, 208 S.W.3d 27, 31 (Tex. App.—Houston [14th Dist.] 2006, pet. filed); *Chunn v. Chunn*, 929 S.W.2d 490, 494 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Burrhus v. M & S Mach. & Supply Co.*, 897 S.W.2d 871, 873 (Tex. App.—San Antonio 1995, no writ); *Raley v. Lile*, 861 S.W.2d 102, 105 (Tex. App.—Waco 1993, writ denied). This is true even though a debtor

---

[1] An appeal is a continuation of a judicial action, and it is automatically stayed if it is taken by either party from an action "against the debtor." *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506 (Tex. App.—Houston [1st Dist.] 1988, order) *appeal dismissed by agreement*, No. 01-88-00143-CV, 1989 Tex. App. LEXIS 1657 (Tex. App.—Houston [1st Dist.] June 22, 1989).

cannot perfect an appeal of a judgment entered against him during the pendency of the automatic stay.[2] *See Burrhus*, 897 S.W.2d at 873.

In this case, Bashaw had until September 21, 2004, to file a bill of review attacking the default judgment entered against him on September 21, 2000. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997); *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) (applying residual four-year statute of limitations to bills of review). He filed for Chapter 7 bankruptcy protection on February 1, 2002, and received a discharge on October 8, 2003. During this time, continuation of litigation against Bashaw was stayed. *See* 11 U.S.C.A. § 362(c). However, even if the automatic stay prevented Bashaw from filing a bill of review during the pendency of the stay, the deadline for filing a bill of review was in no way tolled or extended beyond September 21, 2004. Therefore, even under Bashaw's theory of the case, his petition for bill of review, which was filed on March 30, 2005, was time barred.

In *Peterson v. Texas Commerce Bank-Austin, National Ass'n*, 844 S.W.2d 291, 292 (Tex. App.—Austin 1992, no pet.), this Court addressed whether the statute of limitations for filing suit against a debtor in bankruptcy was tolled by the state common law during the pendency of the automatic stay. In that case, Hartwin Peterson executed a promissory note with the Bank, defaulted on the note, and then filed for bankruptcy three months later. *See id*. The Bank was

---

[2] If the deadline for filing an appeal of a judgment on a claim against the debtor expires during the pendency of the automatic stay, section 108(c) of the United States Bankruptcy Code provides for an extension of the deadline for "30 days after notice of the termination or expiration of the stay under section 362, . . . with respect to such claim." 11 U.S.C.A. § 108(c)(2); *Chunn v. Chunn*, 929 S.W.2d 490, 494 (Tex. App.—Houston [1st Dist.] 1996, no writ). Section 108(c), like section 362, does not operate to toll any appellate deadlines. *Chunn*, 929 S.W.2d at 494.

prevented from suing on the debt by the automatic stay, which was in place for more than four years. *Id.* Almost one year after the stay was lifted, the Bank sued on the note and was granted summary judgment. *Id.* On appeal, Peterson contended that the four-year statute of limitations had run on the debt and that the Bank missed the 30-day grace period to file suit under section 108(c). *Id.* at 295. The Bank responded that the statute of limitations had been tolled during the automatic stay under the common law rule that "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Id.* at 294 (*citing Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991)). Reasoning that the Bank could not have brought a cause of action on the debt if the bankruptcy court had found the note subject to discharge, this Court held that "when a claimant is prohibited from bringing suit by the Bankruptcy Code's automatic-stay provision, the statute of limitations is tolled until the stay is lifted." *Id.* In affirming the summary judgment, this Court explained that "our state's common law, and not the federal bankruptcy law, tolls the statute of limitations." *Id.* at 295.

The holding in *Peterson* is consistent with our holding in this case. Although Texas common law tolls the *statute of limitations* on a claim against the debtor during a bankruptcy stay, "[t]here is no statute, procedural rule or common law principle that suspends the *appellate timetable* during an automatic bankruptcy stay." *Raley*, 861 S.W.2d at 105 (emphasis added). Therefore, if we adopt Bashaw's position and treat his bill of review like an appeal of a judgment against him, the post-judgment time period for filing a bill of review, like other appellate deadlines, would not be tolled for the length of the automatic stay. If, on the other hand, we treat Bashaw's bill of review like

5

the commencement of a new action against the Comptroller, the automatic stay does not apply and the action is merely governed by a four-year statute of limitations. Bashaw's petition for bill of review is untimely under either theory.

Because we conclude that Bashaw's petition for bill of review is untimely regardless of whether the automatic stay provision of the bankruptcy code applies, we do not address whether the automatic stay applies to bills of review. *See* Tex. R. App. P. 47.1 (opinion must address issues "necessary to final disposition of appeal") Accordingly, we affirm the judgment of the trial court.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Pemberton and Waldrop;
   Justice B. A. Smith Not Participating

Affirmed

Filed: May 25, 2007