# Supreme Court of Texas

No. 21-0797

Levinson Alcoser Associates, L.P. and Levinson Associates, Inc.,

*Petitioners,*

v.

El Pistolón II, Ltd.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

**Argued March 23, 2023**

JUSTICE HUDDLE delivered the opinion of the Court.

The plaintiff in this case sued for defective design and development of a commercial property. After lengthy appeals, the suit was dismissed for failure to file a certificate of merit that satisfied the requirements of Civil Practice and Remedies Code Section 150.002. The question we must answer is whether the relevant limitations periods expired while the suit was on appeal, barring the plaintiff from refiling the suit with a new certificate of merit. The court of appeals answered no, holding the running of limitations was equitably tolled under a

legal-impediment rule it divined from *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991). We hold there was no tolling during the appeal of the earlier-filed suit. We therefore reverse the judgment of the court of appeals and reinstate the trial court's judgment.

## I. Background

El Pistolón II, Ltd. hired Levinson Alcoser Associates, L.P. and Levinson Associates, Inc. "to perform architectural work" related to a property development in McAllen in late 2005 or early 2006. According to El Pistolón, Levinson[1] negligently designed and developed the property.

El Pistolón sued Levinson in June 2010 for breach of contract and negligence. But it failed to include a certificate of merit as required by Section 150.002 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a) (requiring a plaintiff to file "with the complaint" a certificate of merit prepared by a third-party licensed or registered professional in an action "for damages arising out of the provision of professional services" by such a professional). A few months later, in response to Levinson's motion to dismiss, El Pistolón nonsuited its claims and refiled the suit with a certificate of merit. Levinson again moved to dismiss, this time challenging the certificate's substance. *See id.* § 150.002(e) (requiring dismissal of a complaint for the failure to file a compliant certificate of merit). The trial court denied Levinson's motion to dismiss, but Levinson ultimately won on appeal.

---

[1] "Levinson" refers to both Levinson Alcoser Associates, L.P. and Levinson Associates, Inc.

The court of appeals held the certificate of merit was deficient as to El Pistolón's breach of contract claim but complied with Section 150.002 with respect to its negligence claim. *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 500 S.W.3d 431, 438 (Tex. App.—Corpus Christi–Edinburg 2015), *rev'd on other grounds*, 513 S.W.3d 487, 495 (Tex. 2017). Our Court granted Levinson's petition for review, and we held the certificate of merit also failed to satisfy the statute's requirements as to El Pistolón's negligence claim. *Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 513 S.W.3d 487, 495 (Tex. 2017). We rejected El Pistolón's argument that our opinion clarified uncertain law or overruled precedent, warranting a remand in the interest of justice. *Id.* at 494–95. We instead remanded to the trial court to determine whether the statutorily mandated dismissal should be with or without prejudice. *Id.* at 495; *see* TEX. CIV. PRAC. & REM. CODE § 150.002(e) ("This dismissal may be with prejudice.").

After our Court's remand, but before the trial court dismissed the suit without prejudice in May 2018, El Pistolón filed a new suit against Levinson. The 2018 petition alleges the same facts and causes of action as the 2010 petitions but includes a new certificate of merit. It also adds the assertion that "any and all applicable statutes of limitations have been tolled by the doctrine of equitable tolling and other similar princip[les]." In support of that contention, El Pistolón pleads that it diligently prosecuted its previous suit and that its "ignorance of the expansion of the certificate of merit requirements that [this Court] would eventually articulate was reasonable."

Levinson moved for traditional summary judgment, arguing El Pistolón's breach of contract and negligence claims are both barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (two-year statute of limitations for negligent injury to property); *id.* § 16.004 (four-year statute of limitations for specified contracts); *id.* § 16.051 (residual four-year statute of limitations). First, Levinson contended these claims accrued, at the latest, in June 2010, when El Pistolón first sued. Second, Levinson asserted El Pistolón is not entitled to equitable tolling under a five-factor test set forth in *Hand v. Stevens Transport, Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.), or other equitable principles. In essence, Levinson argued the equities do not favor tolling because El Pistolón knew of the relevant statutes of limitations and could have brought its 2018 suit, with its new certificate of merit, earlier. Levinson also contended it would be prejudiced by tolling.

In response, El Pistolón emphasized that it demonstrated diligence in pursuing its claims by suing in 2010 and maintaining its causes of action against Levinson ever since. It argued for equitable tolling under *Hand* and noted it "actively pursued [its] judicial remedies by filing a defective pleading during the statutory period." *See Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The trial court granted Levinson's motion and rendered a take-nothing judgment.

The court of appeals reversed. 627 S.W.3d 494, 501 (Tex. App.— Corpus Christi–Edinburg 2021). Relying on *Hughes*, the court

4

recognized a so-called "legal impediment rule" and held it applied to toll the running of limitations while the 2010 suit was on appeal. *Id.* at 499–501. It reasoned that requiring El Pistolón to file a successive lawsuit following a favorable ruling in the trial court would be inefficient and lead to potentially conflicting results. *Id.* at 500. It also observed that "the absence of tolling would create an arbitrary distinction between plaintiffs whose cases are immediately dismissed without prejudice and those who successfully defend a motion to dismiss in the trial court but not on appeal." *Id.* Finally, with only a cursory citation to the statute's text, the court of appeals held that Section 150.002 is not inconsistent with and therefore does not foreclose equitable tolling. *Id.* at 501 n.3 (noting "limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute" (quoting *Young v. United States*, 535 U.S. 43, 49 (2002))).

Levinson petitioned for review. It maintains the court of appeals erred by extending *Hughes* beyond the legal-malpractice context and urges this Court to reinstate the trial court's summary judgment. For its part, El Pistolón contends both that it is entitled to equitable tolling under *Hand* and that the court of appeals' reliance on *Hughes* is "not problematic." El Pistolón also argues that Levinson's motion for summary judgment wrongly placed the summary-judgment burden on El Pistolón and this independently requires this Court to affirm the court of appeals' judgment.

5

**II. Discussion**

A defendant seeking traditional summary judgment on a limitations defense must establish "(1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that 'the statute of limitations has run.'" *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). The defendant's burden includes negating equitable doctrines the plaintiff has raised "that affect which days count toward the running of limitations" but not those that "overcome the statute of limitations even if the defendant conclusively proves that it has run." *Id.* at 88, 92. This distinction may require a court to decide whether an equitable doctrine affects the running of limitations or overcomes the expiration of a limitations period. *See Zive v. Sandberg*, 644 S.W.3d 169, 174 (Tex. 2022). If the defendant discharges this burden, the plaintiff may still defeat summary judgment by "adduc[ing] summary judgment proof raising a fact issue in avoidance of the statute of limitations." *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

**A. Preliminary Issues**

Before turning to whether equitable tolling is available, we address two arguments El Pistolón advances as alternative bases to affirm the court of appeals' judgment. First, El Pistolón argues the trial court erred in granting summary judgment because Levinson's traditional motion for summary judgment incorrectly stated that "[a] party seeking the benefit of equitable tolling bears the burden of

showing it applies." In this Court, Levinson seemingly agrees with El Pistolón's contention that, at the summary-judgment stage, it was Levinson that bore the burden to conclusively negate equitable tolling. But Levinson's inartful recitation of the summary-judgment burden in the trial court is not a sufficient reason to reverse the trial court's summary judgment. Rather, whether Levinson is entitled to summary judgment turns on whether it carried its actual burden to show the limitations period has expired, an issue we examine below.

In a similar vein, El Pistolón suggests the summary judgment cannot stand because Levinson failed to establish the date on which El Pistolón's causes of action accrued. But it is not always necessary to establish a precise accrual date if the summary-judgment evidence conclusively establishes a claim is time-barred. Here, Levinson attached copies of El Pistolón's 2010 petitions to its motion for summary judgment. Each of El Pistolón's petitions repeats the same allegations:

> Defendants were retained to perform architectural work in connection with the development of the property. Defendants improperly designed the development. As a result, the development costs significantly exceeded any reasonable costs. And, much of the land has been rendered largely unprofitable and essentially useless.

While the petitions do not identify precise dates on which El Pistolón's claims accrued, they demonstrate that the facts giving rise to the claims asserted in El Pistolón's 2018 petition are the same as those about which El Pistolón complained when it sued in 2010. Having alleged that the facts underlying its claims, and the corresponding legal injury, had already occurred when it sued in 2010, El Pistolón cannot avoid summary judgment by complaining about Levinson's failure to pinpoint

7

an accrual date. *See KPMG Peat Marwick*, 988 S.W.2d at 749–50 (holding the defendant conclusively established the plaintiff's claims accrued more than two years before suit was filed based on the plaintiff's earlier petition against a third party for the same legal injury). By adducing uncontroverted evidence that El Pistolón asserted in 2010 the same claims it asserted in 2018, Levinson conclusively established that the claims accrued more than two and four years before El Pistolón filed its 2018 suit. *See id.* at 750 (noting the plaintiff knew of the legal injury "no later than" when the plaintiff sued a third party two years earlier for the same injury); *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 398 (Tex. App.—Dallas 2013, pet. denied) (affirming summary judgment on limitations without determining the exact accrual date because there was no dispute the plaintiff's claim accrued more than four years before she sued).

## B. Equitable Tolling

Equitable tolling is unavailable if it is "inconsistent with the text of [a] relevant statute." *Young*, 535 U.S. at 49 (quoting *United States v. Beggerly*, 524 U.S. 38, 48 (1998)); *see also Tex. Workers' Comp. Ins. Fund v. DEL Indus., Inc.*, 35 S.W.3d 591, 596 (Tex. 2000) ("Where the common law is revised by statute, the statute controls." (quoting *Bartley v. Guillot*, 990 S.W.2d 481, 485 (Tex. App.—Houston [14th Dist.] 1999, pet. denied))). For example, we have held that equitable tolling does not apply to a claim under the Deceptive Trade Practices–Consumer Protection Act because the DTPA conveys the Legislature's explicit policy determination that only the two exceptions expressed in the statute apply to the DTPA's statute of limitations. *Underkofler v.*

*Vanasek*, 53 S.W.3d 343, 346 (Tex. 2001) (refusing to "rewrite" the DTPA to add *Hughes* tolling as a third exception to the DTPA's statute of limitations); *see also Gonzales v. Sw. Olshan Found. Repair Co.*, 400 S.W.3d 52, 59 (Tex. 2013) (holding the DTPA's express adoption of two exceptions to its statute of limitations "forecloses the application of the common-law doctrine of fraudulent concealment to DTPA claims"). We have similarly held the discovery rule, which delays a claim's accrual when applicable, is inconsistent with Section 16.003(b) of the Civil Practice and Remedies Code and therefore does not apply to wrongful-death claims because Section 16.003(b) specifies that such claims accrue on the date of death. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). These cases illustrate that courts must thoroughly examine the relevant statutory text *before* applying any equitable doctrine that delays accrual or tolls the running of a statute of limitations. If that analysis reveals an inconsistency between the statute's text and a common-law tolling doctrine, the tolling doctrine must yield. *Young*, 535 U.S. at 49.

The court of appeals relegated to a footnote its analysis of whether equitable tolling is inconsistent with Section 150.002. *See* 627 S.W.3d at 501 n.3. Likely because Levinson did not urge that tolling would be inconsistent with Section 150.002, the court summarily concluded the statute does not foreclose consideration of equitable tolling. *Id.* But the court of appeals' terse treatment of the question ignored surrounding textual evidence to the contrary.[2] *See Creative Oil & Gas, LLC v. Lona*

---

[2] For one, Section 150.002(e) requires a court to dismiss a suit accompanied by a deficient certificate of merit and grants the discretion to do

9

*Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019) (noting our approach to statutory construction "requires us to study the language of the specific provision at issue, within the context of the statute as a whole"). While we disapprove of the court of appeals' cursory analysis on this question, we do not decide today whether Section 150.002 forecloses equitable tolling. Rather, because the potential inconsistency between tolling and the statute's text was not advanced as a ground for summary judgment, we leave that question open and turn to the equitable-tolling issue on which the parties focused.

Our Court has invoked equitable tolling sparingly, and, even then, we have emphasized its limited scope. For instance, in cases involving misnomer—where the petition merely misnames the correct defendant—"limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). But we have made clear that tolling is generally not available in cases of misidentification, which involve suing the wrong defendant with a name similar to the one

---

so with prejudice; it does not set forth a procedure for curing a defective certificate. TEX. CIV. PRAC. & REM. CODE § 150.002(e); *cf. id.* § 74.351(c) ("If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency."). And Section 150.002(g), which the court of appeals did mention, prohibits construing the statute to extend any applicable limitations period. *Id.* § 150.002(g) ("This statute shall not be construed to extend any applicable period of limitation or repose."). A complete statutory analysis would consider these subsections as well as the import of Section 150.002(c). *See id.* § 150.002(c) (providing a thirty-day grace period for a plaintiff to supplement a petition with a certificate of merit if the petition is filed within ten days before a limitations period expires and alleges a certificate of merit could not be prepared due to such time constraints).

against which suit was intended. *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 & n.1 (Tex. 2009).[3]

We have especially taken care to emphasize the limited scope of *Hughes* tolling, the doctrine on which the court of appeals relied. In *Hughes*, we recognized the running of limitations for a legal-malpractice claim is tolled until "all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded." *Zive*, 644 S.W.3d at 175 (emphasis omitted) (quoting *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119 (Tex. 2001)). But as with misnomer and misidentification, we have been careful to define the rule's limited scope: "We expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation" and "restricted it to the circumstances presented" in *Hughes*. *Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex. 1997). We have declined to extend *Hughes* tolling, "even when the same policy concerns were implicated." *Erikson v. Renda*, 590 S.W.3d 557, 565 (Tex. 2019). Because our precedents have recognized the availability of equitable tolling in so few contexts, we have cautioned practitioners to avail themselves of tools designed to avoid protracted

---

[3] We have noted that equitable tolling may be available in a misidentification case only "if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (concluding equitable tolling was unavailable because the school district and the Texas Association of School Boards were two distinct entities with dissimilar trade names); *see Price v. Est. of Anderson*, 522 S.W.2d 690, 692 (Tex. 1975) (holding limitations did not bar a suit in which the plaintiff mistakenly named the decedent's estate as a defendant but properly served the estate's administrator because the administrator was aware of the facts, had not been misled, and was not disadvantaged in obtaining relevant evidence to defend).

11

litigation over whether a suit is time-barred. *See id.* at 570 (noting the advantages of tolling agreements and protective suits when equitable tolling is inapplicable).

Considering *Hughes*'s limited scope, the court of appeals should not have invoked it to support equitable tolling. El Pistolón defends the court of appeals' reliance on *Hughes* on the ground that the policy rationales underlying *Hughes* support its application here. But we have cautioned that *Hughes* must not be extended even when its animating principles might favor its application. *See Erikson*, 590 S.W.3d at 566 ("[W]e look to the rule, not its motivating policies, to determine its application."); *Apex Towing*, 41 S.W.3d at 122 ("[W]ithout re-examining whether the policy reasons behind the tolling rule apply in each legal-malpractice case matching the *Hughes* paradigm, courts should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition."); *Murphy*, 964 S.W.2d at 272 (declining to extend *Hughes* to a claim for accounting malpractice even though "prosecuting both the tax suit and a malpractice suit at the same time would have required plaintiffs to take inconsistent positions").

In a tacit acknowledgment of *Hughes*'s limited scope, the court of appeals reasoned that *Hughes* is but one incarnation of a broader "legal impediment rule." *See* 627 S.W.3d at 499. It and other courts of appeals have quoted the same formulation of this purported rule, born from a turn-of-the-century treatise: "Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." A.S.H.

12

Bristow & John Lehman, *Limitations of Actions, in* 25 CYCLOPEDIA OF LAW AND PROCEDURE 963, 1278 (William Mack ed. 1907); *see, e.g.,* 627 S.W.3d at 499 (quoting *Hughes*, 821 S.W.2d at 157).

Our decisions do not support the court of appeals' adoption of such a broad rule. The 1907 treatise cited a single Texas case: *Bowen v. Kirkland*, 44 S.W. 189 (Tex. App.—Dallas 1897, writ denied). 25 CYCLOPEDIA OF LAW AND PROCEDURE 1278 n.95. In that case, the court of appeals observed that this Court "has clearly recognized and enforced the principle that, where one is restrained by process of court from suing upon his cause of action, limitations do not run against him while so restrained." *Bowen*, 44 S.W. at 192. But the *Bowen* court noted this doctrine is "confined to cases where (1) the original proceeding in equity had prevented plaintiff from bringing or prosecuting the very claim to which defendant seeks to interpose the defense of limitation; and (2) plaintiff was not guilty of laches in proceeding to enforce his rights." *Id.* at 193 (quoting *Davis v. Andrews*, 30 S.W. 432, 433 (Tex. 1895)) (concluding an action contesting the validity of an estate's administration did not prevent the administrator from protecting his possession of the land at issue). Indeed, just two years before *Bowen*, this Court held the doctrine did not apply—there was no legal impediment—where an injunction restrained a trustee from selling property because the injunction did not prevent the lender from suing for the balance of notes secured thereby. *Davis*, 30 S.W. at 434; *see also Hunt Steed v. Steed*, 908 S.W.2d 581, 584 (Tex. App.—Fort Worth 1995, writ denied) (holding equitable tolling was unavailable because an appeal of a divorce decree did not impede the appellant from separately

13

suing her ex-mother-in-law). So, considering our own case law, the purported legal-impediment rule is limited to two circumstances: (1) where an injunction prevents a claimant from bringing the action, *see Bowen*, 44 S.W. at 192–93; and (2) cases covered by *Hughes*.[4] The appeal of El Pistolón's 2010 suit does not fit either category. We decline to recognize a broader rule today and therefore hold there was no "legal impediment" preventing El Pistolón from filing its 2018 suit earlier.

This leaves us with El Pistolón's assertion that some other equitable-tolling principle applies. Because our Court has not articulated a general test for determining when equitable tolling is available, the parties point us to relevant authorities of federal courts and our courts of appeals. Their briefs mention various equitable-tolling tests adopted by a number of different courts. But they primarily frame their arguments around the test articulated in *Hand*. In that case, the Dallas Court of Appeals rejected an argument that the contractual limitations period to file an ERISA claim should be equitably tolled. *Hand*, 83 S.W.3d at 293–94. In arriving at that conclusion, the court

---

[4] Some of our courts of appeals have recognized that the automatic stay in bankruptcy proceedings tolls the running of statutes of limitations until the stay is lifted. *Citibank N.A. v. Pechua, Inc.*, 624 S.W.3d 633, 639 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) ("Although neither we nor the Texas Supreme Court have expressly addressed the issue . . . , several of our sister courts and the Fifth Circuit have concluded that tolling principles of Texas common law are incorporated through [11 U.S.C. § 108(c)] such that filing for bankruptcy tolls the running of limitations." (collecting cases)); *Peterson v. Tex. Com. Bank–Austin, Nat'l Ass'n*, 844 S.W.2d 291, 294 (Tex. App.—Austin 1992, no writ) ("[W]e hold that when a claimant is prohibited from bringing suit by the Bankruptcy Code's automatic-stay provision, the statute of limitations is tolled until the stay is lifted."); *see* 11 U.S.C. § 362 (describing when a bankruptcy petition operates as an automatic stay). As this case does not involve a bankruptcy stay, we express no opinion on these cases.

14

weighed five factors borrowed from a First Circuit opinion: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* at 293 (citing *Jobe v. Immigr. & Naturalization Serv.*, 238 F.3d 96, 100 (1st Cir. 2001) (en banc)).

We think the *Hand* test is an unsuitable lens through which to focus our inquiry here. The first, second, and fifth factors will never support tolling when the relevant limitations period is codified in a statute, as ours are, because litigants are presumed to know the law. *See Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990) ("[A]ll persons are presumed to know the law."). Similarly, the fourth factor inevitably cuts against tolling as a defendant will always be prejudiced, to some degree, by its inability to rely on the relevant statute of limitations. *See Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 538 (Tex. 2019) ("In addition to affording comfort and repose to the defendant, statutes of limitation protect the courts and the public from the perils of adjudicating stale claims."); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (noting that the absence of prejudice "is not an independent basis" to equitably toll the running of a limitations period but is only a factor in the inquiry). And the question of whether the plaintiff was diligent in preserving its rights is too open-ended to yield a reliably equitable result. To be sure, the filing of an earlier identical suit within the limitations period is *some* indication the plaintiff was diligent in bringing its suit in the first instance. But

15

our courts of appeals have continuously recognized that the running of a limitations period is not tolled when a suit is dismissed and refiled "because a dismissal is equivalent to a suit never having been filed." *E.g.*, *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied); *see also Griffith v. Associated Emps.' Reciprocal*, 10 S.W.2d 129, 131 (Tex. App.—Eastland 1928, writ dism'd w.o.j.) ("When a case is dismissed and refiled, limitation runs to the date of the refiling."). We agree.

El Pistolón urges that it is entitled to equitable tolling because it demonstrated diligence in pursuing its 2010 suit, irrespective of the fact that it ultimately was dismissed. But demonstrating diligence in the appellate process alone is not a sufficient basis for avoiding a statute of limitations. In short, none of the circumstances in this case persuade us to deviate from the general rule that the mere pendency of an identical previous suit does not toll the running of the applicable limitations periods in the event suit is refiled after dismissal. *Cf. Apex Towing*, 41 S.W.3d at 122 ("We continue to believe . . . that in the area of limitations, bright-line[] rules generally represent the better approach . . . .").

Finally, El Pistolón claims it should benefit from equitable tolling because its initial suit was dismissed based on a procedurally defective pleading. It relies on another federal principle our courts of appeals have referenced to the effect that equitable tolling applies when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *E.g.*, *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App.—Eastland 2003, no pet.) (citing

16

*Czerwinski*, 116 S.W.3d at 122–23) (declining to apply equitable tolling when a federal court's dismissal of the plaintiff's earlier suit was because the court denied the plaintiff's application to proceed as a pauper, not because of a defective pleading). That principle was articulated in *Irwin v. Department of Veterans Affairs*, in which the Supreme Court of the United States described federal courts' general approach to equitable tolling:

> Federal courts have typically extended equitable relief [as between private litigants] only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. 89, 96 (1990) (footnotes omitted). Notably, the Court did not apply the principle championed by El Pistolón. It held the thirty-day period to file a Title VII complaint, which began when the plaintiff's attorney received a notification letter, was not tolled due to the attorney's absence from his office when the notice was received, characterizing it as "a garden variety claim of excusable neglect" at best. *Id.*

Ultimately, the broad procedural-defect rule El Pistolón urges us to adopt suffers from the same infirmity as the court of appeals' broad legal-impediment rule: our cases do not support it. They have, instead, made equitable tolling available only in carefully circumscribed contexts. For example, as mentioned above, within the category of

17

"procedural defects," our cases expressly permit cure of a procedural defect through relation-back only in narrow circumstances. El Pistolón does not cite, and we have not located, a case suggesting a claimant is entitled to equitable tolling or relation-back any time it needs to correct a procedural defect. Indeed, adopting the broad procedural-defect rule pressed by El Pistolón would expand the availability of equitable tolling beyond both what our cases allow and what the U.S. Supreme Court's more recent decisions envision.[5] We therefore decline to adopt such a sweeping rule. Instead, we recognize, as our lower courts have before, that the dismissal of an action does not toll the running of a limitations period because it is as if the suit was never filed.[6]

---

[5] Since *Irwin*, the Supreme Court has adopted a two-prong equitable-tolling test in the habeas context that requires a showing "that some extraordinary circumstance stood in [the petitioner's] way" to prevent filing within the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (remanding to determine whether the extraordinary-circumstance prong was met). And the Supreme Court has expressly left open the question "whether an even stricter test might apply to a nonhabeas case." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 n.2 (2016); *see id.* at 257–58 (assuming the two-prong test applies and declining to apply equitable tolling because the plaintiff failed to satisfy the extraordinary-circumstance prong).

[6] At oral argument, El Pistolón contended that affirming the summary judgment in Levinson's favor necessarily undercuts *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), which held the commencement of a class action suspends limitations "as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554; *see Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 339 (Tex. App.—Austin 2017, no pet.) (concluding the running of the statute of limitations was tolled for the putative class members' individual claims against the class-action defendant pending a ruling on class certification under a doctrine analogous to *American Pipe* tolling); TEX. INS. CODE § 541.254 ("The filing of a class action under this subchapter tolls the statute of limitations for bringing an action by an individual under Section 541.162."). We disagree.

18

In sum, we hold that none of the equitable-tolling principles proffered by the court of appeals or El Pistolón operates to save El Pistolón's claims. The trial court correctly concluded that Levinson conclusively established its entitlement to summary judgment based on its limitations defense.

### III. Conclusion

The court of appeals erred in holding that El Pistolón was entitled to equitable tolling. Neither *Hughes* nor any other asserted equitable-tolling doctrine supports tolling in this case. Accordingly, Levinson carried its burden to demonstrate its entitlement to summary judgment on its limitations defense. We therefore reverse the judgment of the court of appeals and reinstate the trial court's judgment.

Rebeca A. Huddle
Justice

**OPINION DELIVERED:** June 16, 2023

---

*American Pipe* tolling is, like other tolling doctrines, context-specific and carefully circumscribed. It has been applied when a putative class member sues the class-action defendant individually after class certification is denied. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) (holding *American Pipe* tolling applies to class members who later file individual claims and is not limited to intervenors). We express no opinion on such cases, and our decision today has no bearing on the availability of tolling under *American Pipe*.